IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**WILLIAM H. MOORE,**

        **Petitioner,**

v.                                                   **Criminal Action No. 4:00cr16**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**<u>ORDER and OPINION</u>**

This matter comes before the court on a "Motion To Vacate, Set Aside, or Correct an Unlawful / Illegal Sentence as According to Title 28 U.S.C. § 2255 or Fed. R. Civ. Rule 60(b)(2)(6) For the First Time Filing," ("the petition") filed by William H. Moore ("the petitioner"), on February 9, 2005. The petitioner, in reliance on the decision of the United States Supreme Court in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), claims that his sentence exceeded the maximum penalty permitted by law because it was based upon facts not considered by a jury or admitted by the petitioner.[1] The court finds, however, that it is "indisputably clear from the materials presented . . . that the petition is untimely and cannot be salvaged by equitable tolling principles." <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002). Furthermore, even if the court were to consider the substance of the petition, the court finds that it plainly appears from

---

[1] The petition does not reference the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). The court observes, however, that the analysis employed in determining both that the petition is time-barred and that no retroactive relief is available to the petitioner, would also apply even had the petitioner relied upon <u>Booker</u>. As it is the <u>Booker</u> decision that deals directly with the federal sentencing guidelines, the court assumes arguendo that the petitioner also relies on this decision.

the face of the petition that the petitioner is not entitled to relief and that the petition would be subject to summary dismissal. See Rule 4, Rules Governing Section 2255 Proceedings.

## I. Background

On March 27, 2000, the petitioner was charged in an indictment returned by a federal grand jury with multiple counts relating to violations of federal drug and firearm statutes. The petitioner entered into a plea agreement with the government and pled guilty to Counts One and Twenty-Six of the indictment on May 19, 2000. Count One charged the petitioner with conspiracy to possess with the intent to distribute and to distribute fifty (50) grams or more of cocaine base, in violation of Title 21, United States Code, Section 846. Count Twenty-Six charged the petitioner with the use, carrying and possession of a firearm, during and in relation to and in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1).

On August 10, 2000, the court sentenced the petitioner to a term of life imprisonment on Count One, and a consecutive term of sixty (60) months on Count Twenty-Six. The petitioner did not appeal this sentence; however, the petitioner's sentence was subsequently reduced by this court to a term of 360 months plus 60 months imprisonment, served consecutively, following a Rule 35(b) motion by the government. See Fed. R. Cim. P. 35(b).

## II. Discussion

### A. Timeliness of Petition

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence

the face of the petition that the petitioner is not entitled to relief and that the petition would be subject to summary dismissal. See Rule 4, Rules Governing Section 2255 Proceedings.

## I. Background

On March 27, 2000, the petitioner was charged in an indictment returned by a federal grand jury with multiple counts relating to violations of federal drug and firearm statutes. The petitioner entered into a plea agreement with the government and pled guilty to Counts One and Twenty-Six of the indictment on May 19, 2000. Count One charged the petitioner with conspiracy to possess with the intent to distribute and to distribute fifty (50) grams or more of cocaine base, in violation of Title 21, United States Code, Section 846. Count Twenty-Six charged the petitioner with the use, carrying and possession of a firearm, during and in relation to and in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1).

On August 10, 2000, the court sentenced the petitioner to a term of life imprisonment on Count One, and a consecutive term of sixty (60) months on Count Twenty-Six. The petitioner did not appeal this sentence; however, the petitioner's sentence was subsequently reduced by this court to a term of 360 months plus 60 months imprisonment, served consecutively, following a Rule 35(b) motion by the government. See Fed. R. Cim. P. 35(b).

## II. Discussion

### A. Timeliness of Petition

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence

exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. See 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to section 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). Most importantly, for purposes of addressing this petition, the AEDPA implemented a one-year limitation period applicable to the filing of section 2255 petitions. In relevant part, section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As the petitioner did not appeal his sentence, his conviction became final when the time period for filing an appeal expired. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting

that finality attaches when the time for seeking review expires); Alston v. United States, 235 F. Supp. 2d 477, 478 (D.S.C. 2002) (stating that conviction becomes final ten days after sentencing if no appeal is noticed). The petitioner was sentenced on August 10, 2000; thus, his conviction became final ten days later on or about August 24, 2000. See Fed. R. App. P. 4(b), 26. The instant petition was filed on February 9, 2005, nearly four and a half years after his conviction became final.

The court finds that the date that the petitioner's conviction became final is the triggering date that must be used in applying the AEDPA statute of limitation. From the motion itself, there has been no showing of any impediment by the government that would have prevented the petitioner from filing the petition at an earlier date. In addition, the claims are based on facts that would have been known to the petitioner at the conclusion of his sentencing.

The petitioner claims that the Supreme Court's decision in Blakely warrants collateral relief. Under section 2255, a petitioner can attempt to show that the Supreme Court has announced a new rule that is retroactive to cases on collateral review. United States v. Lilly, 342 F. Supp. 2d 532, 539 (W.D. Va. 2004). Such a showing would enable the petitioner to restart the one-year limitation period based on 28 U.S.C. § 2255, paragraph 6(3). The court finds that the rule announced in Blakely and applied to the federal guidelines in Booker has not been made retroactively applicable to cases on collateral review and, thus, does not serve to make the petitioner's section 2255 motion timely within the AEDPA.

Assuming that the decisions announced in Blakely and Booker announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to cases on collateral review. See Schriro v. Summerlin, 124 S. Ct. 2519, 2522 (2004). The petitioner must either

show that the new rule is substantive, rather than procedural, or show that the new rule is a "watershed rule of criminal procedure." Id. at 2523.

There is little doubt that the rule announced in Blakely and extended to the federal sentencing guidelines in Booker is procedural rather than substantive. No conduct that was forbidden prior to Booker is permitted today. Moreover, the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), upon which both Blakely and Booker relied, has been determined to constitute a procedural rule that does not apply retroactively on collateral review. See Summerlin, 124 S. Ct. at 2523; United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001) (finding that rule announced in Apprendi does not apply retroactively on collateral review).

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S. Ct. at 2523; Teague v. Lane, 489 U.S. 288, 311 (1989). The rule announced in Blakely and Booker is not such a watershed change. As the Seventh Circuit recently described, "Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guideline system has some flexibility in application." McReynolds v. United States, 2005 U.S. App. Lexis 1638, *6 (7th Cir. Feb. 2, 2005).

Accordingly, the court determines that neither Blakely nor Booker apply retroactively and that these decisions cannot be used to trigger the one-year limitation period for filing a timely section 2255 petition. There is nothing in either Blakely or Booker to suggest that the Supreme

Court meant to overrule the many cases holding that Apprendi does not apply retroactively on collateral review. This determination is in line with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the Blakely decision, or following the more recent decision in Booker. See id.; Lilly, 342 F. Supp. at 538-39 n.5 (citing cases). In fact, in addition to the Seventh Circuit's decision in McReynolds, each circuit that has addressed the issue of retroactivity in the wake of Booker has determined that the rule announced in that decision is not applicable on collateral review. See United States v. Price, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); Guzman v. United States, 2005 U.S. App. Lexis 5700, at *12 (2d Cir. April 8, 2005); Loyd v. United States, 2005 U.S. App. Lexis 8699, at *19 (3d Cir. May 17, 2005). Thus, considering that Blakely does not apply to restart the limitation period, the court determines that the one-year period began when the petitioner's conviction became final. See 28 U.S.C. § 2255. As the petitioner's conviction became final some four and a half years prior to the filing of the instant petition, the court concludes that the petition is time-barred.

Ordinarily, prior to raising the issue of the AEDPA statute of limitation sua sponte, a district court must warn the petitioner that the petition is subject to dismissal absent a sufficient explanation, "unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." Hill, 277 F.3d at 707. The court finds that such a warning is unnecessary in this case.

The only claim presented in the petition is made in reliance on Blakely. As the determination that Blakely is not retroactive for purposes of the statute of limitation also extends

to the petitioner's substantive claim, it is clear to the court from the materials before it that there is simply no other means for this petition to be salvaged. See Hill, 277 F.3d at 707. Certainly the petitioner's reliance on a recent Supreme Court decision does not constitute grounds for equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (discussing limited grounds available for equitable tolling); see also United States v. Sosa, 364 F.3d 507,513-14 (4th Cir. 2004) (declining to overturn district court's decision to sua sponte dismiss petitioner's section 2255 motion without prior notice to petitioner because jurists of reason would not find it debatable that equitable tolling was justified). The viability of the petition depends completely on the retroactive operation of Blakely, and by implication Booker. As these decisions do not have the claimed retroactive effect, the court finds that it is "indisputably clear" that the petitioner is untimely. Hill, 277 F.3d at 701.

    B. Summary Dismissal

The court also finds that even were this petition not ripe for dismissal on timeliness grounds, a review of the substance of the petitioner's claims would still warrant summary dismissal without the need for a response from the government. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court may summarily dismiss the petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(b), Rules Governing 2255 Proceedings.

The petitioner's substantive claims are all based on the argument that Blakely, and by implication Booker, are retroactive on collateral review. The petitioner claims that his sentence was in excess of the statutory maximum as he was sentenced based on drug quantities determined

by the court during the sentencing hearing. The petitioner argues that the a jury did not find and that he did not admit to relevant conduct that was used to enhance his sentence.

As discussed above, the reason that <u>Blakely</u> and <u>Booker</u> cannot serve to restart the one-year limitation period for filing a section 2255 petition is because these decisions have not been made retroactively applicable on collateral review. For the same reason, a petitioner whose conviction became final long before either <u>Blakely</u> or <u>Booker</u> were decided cannot rely on the effect of these decisions that would be available to cases on direct review. <u>See</u> <u>Lilly</u>, 342 F. Supp. 2d at 539 (noting that retroactivity analysis is identical for both timely and untimely petitions). Accordingly, as the petitioner cannot rely on the retroactive effect of <u>Blakely</u> and <u>Booker</u>, his petition is also subject to summary dismissal.

C. Rule 60(b)(2)(6)

Finally, the petitioner purports to rely on Federal Rule of Civil Procedure 60(b)(2)(6) which permits the court to grant relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(2)(6). The "'rationale underlying the use of Rule 60(b) is to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal.'" <u>Bradley v. United States</u>, 51 F. Supp. 2d 696, 697 (W.D.N.C. 1999) (quoting <u>Freschi v. Grand Coal Venture</u>, 103 F.R.D. 606, 608 (S.D.N.Y. 1984)). Relief under Rule 60(b) is an extraordinary remedy and should only be invoked upon a showing of exceptional circumstances. <u>See</u> <u>Boyd v. Bulala</u>, 905 F.2d 764, 769 (4th Cir. 1990); <u>Design Classics, Inc. v. Westphal</u>, 788 F.2d 1384, 1386 (8th Cir. 1986).

The petitioner's attempt to shoehorn his section 2255 claim into the seemingly broader parameters of Rule 60(b) is unavailing. As set forth above, the petitioner cannot rely on the

decisions in Blakely or Booker in his attempt to gain collateral relief because these decisions do not apply retroactively to his conviction. This is the case no matter which procedural device the petitioner employs to assert his claim. Accordingly, the court finds that the petitioner has not established any reason that would justify relief from the sentence announced on August 10, 2000, as amended by this court's order on May 21, 2002.

### III. Conclusion

Pursuant to the statute of limitations proscribed in the AEDPA, the petition filed on February 9, 2005 is **DISMISSED**. The court also concludes that even if the petition were timely, it would be subject to summary dismissal and must be **DENIED**. Finding no substantial issue for appeal concerning a debatable procedural issue, a certificate of appealability is **DENIED**. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The petitioner is **ADVISED** that he may appeal from the denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner, to the petitioner's trial counsel, and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 10th, 2005